Williams v. Plummer                                                                                                    Doc. 3



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS M. WILLIAMS, ) | |
| ) Petitioner, ) | No. C 06-4322 CRB (PR) |
| ) vs. ) | ORDER OF DISMISSAL |
| ) CHARLES C. PLUMMER, Sheriff, ) | (Doc # 2) |
| ) Respondent. ) | |

Petitioner, a state prisoner currently incarcerated at the Alameda County Jail, Santa Rita Facility, seeks a writ of habeas corpus under 28 U.S.C. § 2254.

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Petitioner has not done so. Although he recently presented his claim to the Alameda County superior court and was denied relief, he has not presented the claim to the Supreme Court of California. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v.

1  Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California
2  must be given at least one opportunity to review state prisoners' federal claims).
3  The petition for a writ of habeas corpus is DISMISSED without prejudice to
4  refiling after state judicial remedies are exhausted.
5      The clerk shall close the file and terminate all pending motions (see, e.g.,
6  doc # 2) as moot.  No fee is due.
7  SO ORDERED.
8  DATED: July 18, 2006

CHARLES R. BREYER
United States District Judge

2